IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ELEISEA BAKER**                                                       **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO. 1:10CV507-HSO-JMR**

**RHODES CORINTHIAN COLLEGES**                      **DEFENDANT**

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

BEFORE THE COURT is a Motion to Dismiss filed by Rhodes Corinthian Colleges in the above captioned cause on April 5, 2011 [7-1]. Plaintiff Eleisea Baker filed a Response on April 19, 2011 [10-1]. After consideration of the parties' submissions, the record, and the relevant legal authorities, the Court finds that the Motion should be denied.

### I. FACTS AND PROCEDURAL HISTORY

On October 25, 2010, Eleisea Baker ["Baker"] filed a Complaint against Rhodes Corinthian Colleges ["Rhodes"] [1-1], and a Motion for Leave to Proceed *In Forma Pauperis* [2-1]. On February 3, 2011, a Report and Recommendation was issued by Chief Magistrate John Roper recommending Baker's Motion for Leave to Proceed *In Forma Pauperis* be denied. On February 18, 2011, Baker tendered the $350.00 filing fee. Subsequently, the Report and Recommendation was found to be moot.

On March 11, 2011, Summons was issued for Rhodes [4-1], which was returned executed on March 25, 2001 [6-1]. On April 5, 2011, Rhodes filed a

Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(5).  Baker tendered her Response on April 19, 2011. [10-1]

## II. DISCUSSION

Rhodes moves to dismiss pursuant to Rule 12(b)(5), contending that Baker failed to effectuate proper service of her Complaint.  Specifically, Rhodes asserts that Baker failed to timely effectuate service of process in conformity with the requirements of FED. R. CIV. P. 4(m), in that she served the Summons 141 days after the Complaint was filed.  Def.'s Mot. to Dismiss at p. 2.   Baker's Response refers to the Court's Report and Recommendation of February 3, 2011, which states in part that "Plaintiff's failure to properly serve this complaint upon the Defendant within 120 days after the payment of the filing fee may result in the dismissal of this suit."  Resp. to Mot. to Dismiss at p. 2, (quoting Report and Recommendation at p. 2).  Because the Court's Order entered on February 3, 2011, gave Baker 120 days after the payment of the filing fee to serve the Complaint, service in this case was timely.

## III. CONCLUSION

After review of the record and pleadings filed in connection with its Motion to Dismiss, the Court finds that Rhodes' Motion to Dismiss, filed pursuant to FED. R. CIV. P. 12(b)(5), should be denied.  Inasmuch as the deadline for service in this case was 120 days after February 18, 2011, the date the filing fee was tendered, Baker timely effectuated service of the Summons and her Complaint.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant's

Motion to Dismiss pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(5), filed on April 5, 2011 [7-1], should be and hereby is **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 18th day of May, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE